UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Alejandro Lopez,<br><br>    Petitioner<br><br>v.<br><br>GNLV Corp.,<br><br>    Respondent | Case No.: 2:24-cv-00482-JAD-MDC<br><br>**Order Denying<br>Application to Proceed in Forma Pauperis<br>and Dismissing Action**<br><br>[ECF Nos. 1, 1-1] |

  This habeas corpus action was initiated by Alejandro Lopez on March 11, 2024, when he filed an application to proceed *in forma pauperis*[1] and submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 for filing.[2]  I deny Lopez's application to proceed *in forma pauperis* because it is not on a form recognized by this court and is incomplete because it does not include the required financial certificate.[3]  I deny the application to proceed *in forma pauperis* and dismiss this action because Lopez's claims are not cognizable in habeas.

  Lopez states in his habeas petition that he is a pretrial detainee at the Clerk County Detention Center in Las Vegas.[4]  Lopez names as respondent the "GNLV Corp,"[5] against home he filed a civil-rights action in this court back in 2017.[6]  That action was dismissed on June 25,

---

[1] ECF No. 1.

[2] ECF No. 1-1.

[3] *See* LSR 1-2.

[4] ECF No. 1-1 at 1.

[5] *Id*. "GNLV Corp." refers to the Golden Nugget Las Vegas Corporation, which operates the Golden Nugget Las Vegas Hotel & Casino.  *See* ECF No. 3 in Case No. 2:17-cv-1712-RFB-VCF.

[6] ECF No. 4 in Case No. 2:17-cv-1712-RFB-VCF.

2021, under LR 41-1, for want of prosecution,[7] and Lopez did not appeal. Now—more than two and a half years later—Lopez claims in his habeas petition in this case that the dismissal of the civil rights action was erroneous, and he requests that his civil-rights action be reinstated.[8]

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous.[9] Lopez's petition is patently frivolous. He does not allege that his current incarceration is in violation of the laws or treaties of the United States,[10] and he does not seek release from custody. A prisoner's claim is cognizable under the federal habeas statutes only if it falls within the "core" of habeas.[11] If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus."[12] Lopez's claims regarding the dismissal of his civil-rights action, and his request to have that case reinstated, are not cognizable in this habeas corpus action.

IT IS THEREFORE ORDERED that Lopez's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED**.

---

[7] ECF No. 73 in Case No. 2:17-cv-1712-RFB-VCF.
[8] *See* ECF No. 1-1 at 8.
[9] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).
[10] *See* 28 U.S.C. § 2241(b);
[11] *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017).
[12] *Id*. at 931.

IT IS FURTHER ORDERED that **this action is DISMISSED without prejudice**. A certificate of appealability is denied as jurists of reason would not find the dismissal of this action to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
April 8, 2024